# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| RONALD D. BEDWELL, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:09-CV-352-PRC |
| | ) | |
| MENARD, INC. and | ) | |
| BRIAN MCDONOUGH, | ) | |
|         Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants Menard, Inc. and Brian McDonough's Motion for Summary Judgment [DE 54] filed on May 7, 2012. Defendants seek judgment in their favor on all claims in Plaintiff Ronald Bedwell's Amended Complaint. For the reasons set forth below, the Court denies Defendants' Motion for Summary Judgment.

## PROCEDURAL BACKGROUND

On October 20, 2009, Plaintiff filed his Amended Complaint in Porter Superior Court, Porter County, Indiana. Defendants removed the action to this Court on October 21, 2009. In the Amended Complaint, Plaintiff alleges that he was injured at Menard's Valparaiso, Indiana store when Defendant McDonough, who was operating a forklift, backed the forklift into him and pinned him up against metal shelving in Menard's warehouse. As a result, Plaintiff asserts that he sustained severe and permanent neck and back injuries.

Defendants filed the instant Motion for Summary Judgment on May 7, 2012. Plaintiff filed a Response on June 4, 2012, Defendants filed their Reply on June 18, 2012, and Plaintiff filed a Sur-reply on July 10, 2012. Plaintiff also filed a Federal Rule of Civil Procedure 56 Motion to Strike Unsupported Argument from Defendant Menard's Reply [DE 62] on June 28, 2012, and Defendants filed a response to this motion on July 12, 2012.

The parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof

at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

3

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

**BACKGROUND FACTS**

On November 2, 2007, Plaintiff drove his GMC Sonoma extended cab pick-up truck to Menard's store located in Valparaiso, Indiana to purchase four to six sheets of plywood for personal use. The sheets of plywood, which were four feet by eight feet in size were to be propped up and placed in the bed of Plaintiff's pickup truck. The bed of Plaintiff's pickup truck was six feet long and over four feet wide.

After purchasing the sheets of plywood, Plaintiff exited the store, drove his pickup truck through a security gate, and parked in a passageway in the store's warehouse so that the plywood could be loaded into his truck. Plaintiff's pickup truck was parked facing south in a way that there was more room on the driver's side of the truck than on the passenger's side of the truck. Plaintiff estimated that the rear of his pickup truck was thirty feet from the northernmost glass door; the driver's side of his truck was fifteen feet from the easternmost wall; and the passenger's side of his truck was fifteen feet from the westernmost wall. Thereafter, a forklift operated by Defendant McDonough approached Plaintiff's pickup truck so that the plywood could be loaded into the bed of the truck. Defendant McDonough drove the forklift from the north, heading in a southerly

4

direction, before turning east and then backing up toward the west. At first, Defendant McDonough pulled the forklift too close to the bed of Plaintiff's pickup truck, such that the eight foot long plywood was resting on the forklift when placed in the six foot bed of the pickup truck; the forklift was also higher than the bed of the truck.

Because the forklift was not in the proper position, Defendant McDonough began to maneuver it. Plaintiff, who was located on the passenger side of his pickup truck, offered to move the truck; Defendant McDonough agreed that he should move it. At that point, Plaintiff started to walk in a southernly direction toward the front of his pickup truck, but his path was blocked by two pallets and there was not enough room for him to walk between his pickup truck and the pallets, which were approximately twelve to sixteen inches apart. The pallets contained material that was three to four feet tall. Because the pallets blocked his pathway, Plaintiff turned around and headed in a northwesterly direction around the backside of his pickup truck when Defendant McDonough proceeded to turn himself to get off of the forklift and the forklift began to roll backward. Upon noticing that the forklift was rolling backward, Plaintiff yelled "hey" and proceeded to back away from the oncoming forklift even though he was two to three feet away from the back of the forklift. At that point, Plaintiff believes that Defendant McDonough mistakenly pressed the forklift's gas pedal instead of the brake pedal, which resulted in the forklift backing up, pinning Plaintiff between the forklift and warehouse shelves.

Subsequent to the accident, Defendants' attorney hired Jeffrey Armstrong, a Forensic Engineer, to investigate and reconstruct the accident. Mr. Armstrong performed a number of physical inspections of the accident location and forklift, and then created a diagram of the accident scene based on Plaintiff's testimony. Mr. Armstrong authored an expert Forensic Engineering

5

Report in which he concluded that the forklift accident, as described by Plaintiff, could not have resulted in Plaintiff being struck by the forklift and pinned up against the warehouse shelves. Thus, according to Defendants, in order for the accident to have occurred as described by Plaintiff, he would have had to willfully step out in front of the forklift or remained in its path after it began to move, but both these scenarios contradict his testimony.

**ANALYSIS**

Defendants move for summary judgment based on an Indiana rule called the physical facts rule. Under the physical facts rule, a court is permitted to take "judicial notice of natural laws and common knowledge" when assessing witness testimony, and "thereby hold as legally insufficient accounts of physically impossible phenomena." *Simington v. Menard, Inc.*, No. 2:10-CV-269, 2012 WL 3288745, at *1 (N.D. Ind. Aug. 9, 2012). Thus, the physical facts rule comes into play when "the testimony of a witness which is opposed to the laws of nature, or which is clearly in conflict with principles established by laws of science, is of no probative value and a jury is not permitted to rest its verdict thereon." *Zollman v. Symington Wayne Corp.*, 438 F.2d 28, 31-32 (7th Cir. 1971) (citation omitted). However, the rule applies only in those situations "when the physical facts are irrefutably established and permit but one inference." *Brock v. Walton*, 456 N.E.2d 1087, 1092 (Ind. App. 1983). It is often hazardous for a court to "arrive at conclusions from physical facts alone." *Id.*

Additionally, in order for Plaintiff to establish a claim for negligence, he must show: "(1) that the defendant owed plaintiff a duty; (2) that [the defendant] breached the duty; and (3) that plaintiff's injury was proximately caused by the breach."[1] *Jeffrey v. Okolocha,* 972 N.E.2d 941, 945

---

[1] The parties do not dispute that Indiana law applies herein.

(Ind. App. 2012) (citation omitted); *Christmas v. Kindred Nursing Ctrs. Ltd. P'ship*, 952 N.E.2d 872, 878 (Ind. App. 2011) (same). "The breach of duty and proximate cause elements of a negligence claim are particularly fact-sensitive and rarely suitable for resolution on summary judgment." *Jeffrey*, 972 N.E.2d at 945. "This is because negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a jury after hearing all of the evidence." *Rhodes v. Wright*, 805 N.E.2d 382, 387 (Ind. 2004).

Defendants contend that the physical facts rule is applicable herein because Plaintiff's testimony describing how the November 2007 accident occurred is in direct conflict with the common sense laws of nature and physics. (Defs.' Mem. at 6-12). Defendants specifically assert that Mr. Armstrong's reconstruction of the accident conclusively establishes that it would have been physically impossible for the forklift operated by Defendant McDonough to have backed into Plaintiff and pinned him against the warehouse shelves, causing severe and permanent neck and back injuries. In support of their position, Defendants delineate a number of different scenarios and assumptions about the speed, periods of time, and distances related to the forklift accident that Mr. Armstrong used in his reconstruction. *Id.* For example, Defendants explain that Mr. Armstrong first assumed that Plaintiff was walking at an unusually slow speed of about four feet per second or 2.7 miles per hour and if the forklift had been moving at its maximum speed of about 7.33 feet per second or five miles per hour, the time it would take for the forklift to back up into Plaintiff would have been longer than the time it would have taken for Plaintiff to traverse the 42 inch width of the forklift. *Id.* at 10. In other words, if Plaintiff were walking at a speed of four feet per second then the width of the forklift can be traversed in .87 seconds, which is less than the 1.1 seconds of time that it would take for the forklift to back up three feet and begin pinning Plaintiff against the

warehouse shelves. *Id.* Furthermore, Defendants represents that this scenario is most favorable to Plaintiff and it is far more likely that Plaintiff walked at a slower average speed of about 5.33 feet per second or 3.6 miles per hour and that the forklift had not yet achieved maximum acceleration, which would have increased the amount of time Plaintiff would have to traverse the 42 inch width of the forklift. *Id.*

But Defendants also claim that irrespective of the different walking and forklift speeds, Mr. Armstrong's findings conclusively establish that, with the exception of Plaintiff willfully stepping out in front of the forklift or remaining in its path after it had begun to move, he could not have been struck by the forklift and ultimately pinned against the warehouse shelves. (Defs.' Mem. at 10-11). To support their proposition, Defendants rely on Plaintiff's testimony that as he "got about halfway around" the forklift, he noticed that the forklift started to roll backwards and that he was behind the forklift when he first saw it move. *Id.* at 11. He further testified that while the forklift was moving towards him, he yelled to Defendant McDonough and continued to move out of the way of the forklift. *Id.* Therefore, according to Defendants, Plaintiff's testimony supports the conclusion that it was physically impossible for the forklift to strike him and pin him against the warehouse shelves because he continued to move out of the way of the forklift as it was backing into him. *Id.*

Plaintiff asserts that the physical facts rule is not applicable herein because Defendants assumptions about the forklift accident are based on inaccurate estimates and assumptions of speed, periods of time, and distances. (Pl.'s Resp. at 2-12). Plaintiff first points out Mr. Armstrong did not conclude that the accident could not have occurred as he described it in his testimony; instead he describes the location in the store's warehouse area where the accident *could* have occurred based on his calculations of the location of the pickup truck and forklift, and his time and distance analysis

8

that is consistent with Plaintiff's testimony. *Id.* at 2. Here, Plaintiff avers that Mr. Armstrong's reconstruction analysis improperly focused solely on the time it takes for an individual to walk the distance behind the forklift or, in other words, the 42 inch width of the forklift, and the time it takes for the forklift to move backward. *Id.* Plaintiff claims that Mr. Armstrong did not properly account for his testimony, and his walking speeds and vehicle positions were improperly measured, which lead to the erroneous conclusion that the accident, as described by Plaintiff, could not have occurred. *Id.* at 3-9. Additionally, according to Plaintiff, there is no evidence that the forklift Mr. Armstrong tested in June 2011 was the same one that Defendant McDonough operated at the time of the November 2007 accident; here, it is not possible to know if a test forklift performed in the same way as the one operated by Defendant McDonough. *Id.* at 9-11. Therefore, Plaintiff asserts that there is a genuine issue of material fact with respect to whether the accident, as he described in his testimony, could have physically occurred.

The Court agrees with Plaintiff that the physical facts rule is not applicable in this case because Mr. Armstrong's findings are based on Plaintiff's estimates and his best judgment on time-distance issues related to the forklift accident. The case of *Conner v. Jones*, 59 N.E.2d 577 (Ind. App. 1945) is instructive. In *Conner*, a pedestrian sued the driver of an automobile for injuries resulting from the automobile striking him. At the same time the pedestrian was flagging down a streetcar, the driver of the automobile was driving "astride the south rail of the tracks, approached said streetcar from the rear and swung out and by it to the south and directly toward the [pedestrian] at a speed of 40 to 45 miles per hour." *Id.* at 580. The pedestrian then attempted to jump back and move out of the path of the automobile but the right front headlight of the automobile struck the pedestrian and, as a result, he was severely injured. *Id.* A verdict was ultimately entered in favor

9

of the pedestrian and, on appeal, the driver argued that the pedestrian's testimony was incompatible with the laws of nature as proven by mathematical calculations and, as such, should have been disregarded by the court. *Id.* at 581-82. The Indiana Appellate Court held:

> The appellant has made certain mathematical calculations based on distances and speeds as appear in the testimony of the appellee and seeks to demonstrate thereby that the appellee would have reached the curb in safety before the appellant's automobile reached any point in the street where the appellee possibly could have been hit. Therefore, says the appellant, the appellee's testimony concerning the manner in which the accident happened must be disregarded because it contravenes the law of mathematics and being so disregarded there remains no evidence to support the verdict. This argument presupposes that the appellee's estimates of the distance he was from the curb when he first saw appellant's automobile, the distance it was then from him and the speed at which it was moving, are accurate to a mathematical certainty. This, of course, we cannot assume. His testimony in reference to distances and speeds was merely the expression of his best judgment in regard thereto and may have been subject to some error. . . .We are of the opinion, therefore, that the question of whether the appellee's version of the manner in which he was run down and hit is contrary to scientific principles and incompatible with the physical facts is not one of law and we are not at liberty to disturb the jury's finding in reference thereto.

*Id.* at 581. Similar to *Conner*, the calculations upon which Defendants rely to assert their contradiction of natural laws position are based on Plaintiff's time-distance estimates, which lack specificity and are merely based on his best judgment of what occurred at the time of the accident. (*See* Armstrong Dep. at 28:13-25; 31:1-17). Accordingly, Plaintiff's testimony is too mathematically imprecise to warrant this Court's imposition of the physical facts rule.

But even assuming *arguendo* that the physical facts rule is applicable herein, Mr. Armstrong's calculations of Plaintiff's walking speed and the speed of the forklift only establish that he *could* have cleared the 42 inch width of the forklift as he continued to cross its path. This assumption, however, ignores a key fact; Plaintiff did not continue to walk behind the forklift in a straight northwesterly pattern as required by Mr. Armstrong's calculation. Instead, he turned toward

the east in the direction of the forklift and Defendant McDonough when he was part-way across the path of the forklift and he began back-peddling in a westerly direction, the same direction the forklift was moving, trying to move away from the approaching forklift. (Armstrong Dep. at 50:18-51:2; 51:18-23; Bedwell Dep. at 114:17-115:1, 122:11-15, 130:24-131:9, 135:9-136:3, 162:15-164:8). Therefore, Mr. Armstrong's calculations that he *could* have traversed the 42 inch width of the forklift in less time than the 1.1 seconds it would have taken for the forklift to back into Plaintiff ignores the fact that he aborted his original path of northwesterly travel and chose in a split second to move in a westerly direction backing away from the forklift.

Furthermore, Mr. Armstrong bases his reconstruction on numerous assumptions, which render his opinion speculative and valid only under the a specific set of circumstances that do not exist here. For example, Mr. Armstrong assumes that it would take Plaintiff .87 seconds to traverse the 42 inch width of the forklift and be clear of any impact from the forklift because it would take the forklift 1.1 seconds to travel three feet backwards to strike and pin him against the warehouse shelves. (Def.'s Resp. at 10). But while Defendants assert that this .23 second difference would make it impossible for the accident to have occurred as described by Plaintiff, this amount of time—.23 seconds—is an insignificant amount of time and cannot be considered conclusive evidence of a violation of natural laws, given the numerous assumptions and omissions Mr. Armstrong made in rendering his opinion. As discussed, Mr. Armstrong assumed that Plaintiff walked in a continuously straight northerly direction across the back or width of the forklift and was able to clear it in .87 seconds, but Plaintiff's own testimony establishes that he did not walk straight across the back of the forklift and, instead, he backed away from the forklift in a westerly direction, which would have taken more time for him to clear the forklift than walking continuously in a

11

straight line. When specifically asked about this aspect of Plaintiff's testimony, Mr. Armstrong stated that his "analysis doesn't really get into that. It just looks at how long does it take to walk behind the forklift." (Armstrong Dep. at 51:18-23). Therefore, this deficiency in Mr. Armstrong's analysis again establishes that the mathematical certainty required for the application of the physical facts rule is not present in this case.

Finally, Plaintiff identifies a number of additional deficiencies in Mr. Armstrong's analysis that would likewise preclude application of the physical facts rule. For example, Plaintiff correctly points out that Mr. Armstrong's analysis did not properly account for his size, age, general fitness, gait, and step length. (Pl.'s Resp. at 17-18). He also appropriately points out that Mr. Armstrong's assumptions regarding the operation and speed of the forklift were not based on mechanical certainty; therefore, it was improper for Mr. Armstrong to assume that the forklift he inspected performed in the same way as the one operated by Defendant McDonough. Accordingly, this Court's review of the record establishes that Mr. Armstrong's assumptions about the facts and circumstances of the November 2, 2007 forklift accident cast doubt on the validity of his opinion that it was physically impossible for the accident to have occurred, as described by Plaintiff, which resulted in Plaintiff being pinned up against the warehouse shelves by Defendant McDonough's forklift and severely injured.

Because there is a genuine issue of material fact with respect to the question of whether Plaintiff's account of the manner in which he was struck by the forklift is contrary to scientific principles and incompatible with physical facts, summary judgment is denied. A question of fact, therefore, exists regarding whether Defendants were negligent in the operation of the forklift and proximately caused Plaintiff's injuries. Accordingly, Defendants have failed to meet their burden

of establishing the existence of a genuine issue of material fact and, therefore, they are not entitled to summary judgment as a matter of law.[2]

## CONCLUSION

Based on the foregoing reasons, the Court hereby **DENIES** Defendants' Motion for Summary Judgment [DE 54],and **DENIES as moot** Plaintiff's Motion to Strike Unsupported Argument from Defendant Menard's Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [DE 62].

The Final Pre-Trial Conference and Trial settings are reaffirmed.

SO ORDERED this 22nd day of October, 2012.

> s/ Paul R. Cherry
> MAGISTRATE JUDGE PAUL R. CHERRY
> UNITED STATES DISTRICT COURT

cc:   All counsel of record

---

[2] Because the Court is denying Defendants' Motion for Summary Judgment [54], the Court does not need to consider Plaintiff's Motion to Strike Unsupported Argument from Defendant Menard's Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [DE 62].